**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DANIEL RAMAGE, ) | |
| ) | |
| Plaintiff, ) | No. CIV 14-2132-TUC-CKJ |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, et al.,) | |
| ) | |
| Defendants. ) | |
| ———————————————————) | |
| ) | |

On June 5, 2014, Plaintiff Daniel Ramage filed a Complaint alleging claims pursuant to the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against the United States of America ("the United States"), the Federal Bureau of Prisons ("BOP"), Officer Gomez ("Gomez"), Officer Jackshaw ("Jackshaw"), Officer Mendoza ("Mendoza"), Warden FCI Phoenix ("the Warden"), and 1-10 Unknown Defendants.  Ramage has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

*In Forma Pauperis*

Ramage has filed an Application to Proceed Without Prepaying Fees or Costs (Doc. 2) contemporaneously with the Complaint.  The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that whe "is unable to pay such fees[.]"  28 § 1915(a)(1).  A review of Ramage's Supporting Information indicates that

1    Ramage is unable to pay the fees.  The Court will grant the request.

2

3    *Screening Order*

4        This Court is required to dismiss a case if the Court determines that the allegation of

5    poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i)

6    is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

7    seeks monetary relief against a defendant who is immune from such relief."   28 §

8    1915(e)(2)(B).  The Court must, therefore, screen Ramage's Complaint.

9

10   *General Requirements*

11       A complaint is to contain a "short and plain statement of the claim showing that the

12   pleader is entitled to relief[.]"  Rule 8(a), Fed.R.Civ.P. Dismissal of a complaint is

13   appropriate if there is a (1) "lack of a cognizable legal theory" or (2) "the absence of

14   sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police*

15   *Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Especially where the pleader is *pro se*, the

16   pleading should be liberally construed in the interests of justice.  *Johnson v. Reagan*, 524

17   F.2d 1123 (9th Cir. 1975).  Nonetheless, a complaint must set forth a set of facts that serves

18   to put defendants on notice as to the nature and basis of the claim(s).  Furthermore, all

19   allegations of a claim are to be set forth in numbered paragraphs that should be limited to

20   a single set of circumstances.  Rule 10(a), Fed.R.Civ.P. "Each claim  . . . shall be stated in

21   a separate count . . . whenever a separation facilitates the clear presentation of the matters

22   set forth."  *Id*.  Failure to set forth claims in such a manner places the onus on the court to

23   decipher which, if any, facts support which claims, as well as to determine whether a

24   plaintiff is entitled to the relief sought.  *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp.

25   1303 (D.C.Va. 1981).  Enforcement of this rule is discretionary with the Court, but such

26   enforcement is appropriate where it is necessary to facilitate a clear presentation of the

27   claims.  *See*, *Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997),

28   affirmed 162 F.3d 1177 (compliance with rule required where allegations were so confusing

and conclusory, claims were commingled, and impossible to determine nature of claims).

If a court determines that dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Moreover, when dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987).

*Requirement that Action State a Claim on Which Relief Can be Granted*

The United States Supreme Court has found that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 1964-65; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss[.]"). Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Id*. at 1965 n. 3. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id*. at 1965. The Court screens the Complaint in light of *Twombly* and must determine if Ramage has "nudge[d] his claims across the line from conceivable to plausible." *Id*. at 1974. The Court also considers that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardue*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 929 (2007). Indeed, *Twombly* requires "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such

1  amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58

2  (2nd Cir. 2007); *see also Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (for a

3  complaint to survive a motion to dismiss, the non-conclusory "factual content," and

4  reasonable inferences from that content, must be plausibly suggestive of a claim entitling

5  the plaintiff to relief).

6       This Court must take as true all allegations of material fact and construe them in the

7  light most favorable to Ramage.  *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th

8  Cir. 2003).  In general, a complaint is construed favorably to the pleader.  *See Scheuer v.*

9  *Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other*

10  *grounds*, 457 U.S. 800.  Nonetheless, the Court does not accept as true unreasonable

11  inferences or conclusory legal allegations cast in the form of factual allegations.  *Western*

12  *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Furthermore, the Court is not

13  to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.

14  1987), *superseded on other grounds*, in attempting to decipher a complaint.

15

16  *Count I - Negligence - FTCA*

17       The United States is the only proper defendant in an action brought pursuant to the

18  Federal Tort Claims Act.  28 U.S.C. §§ 1346(b), 2679(a) and (b); *Allen v. Veterans Admin.*,

19  749 F.2d 1386, 1388 (9th Cir. 1984).  Thus, the Court will dismiss this claim against all

20  Defendants except the United States.

21       Under the statutory procedure set forth in 28 U.S.C. § 2675(a), a "tort claimant may

22  not commence proceedings in court against the United States without first filing his claim

23  with an appropriate federal agency and either receiving a conclusive denial of the claim

24  from the agency or waiting for six months to elapse without a final disposition of the claim

25  being made." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992); *Caton v. United*

26  *States*, 495 F.2d 635, 638 (9th Cir. 1974).  The Ninth Circuit Court of Appeals has

27  "repeatedly held that this 'claim requirement of section 2675 is jurisdictional in nature and

28  may not be waived.'" *Jerves*, 966 F.2d at 519 (*quoting Burns v. United States*, 764 F.2d 722,

724 (9th Cir. 1985)).  Ramage alleges an administrative review was conducted and the claim was denied.  Considering processing, reviewing, and mailing times, it appears on the face of the Complaint that Ramage timely filed an administrative claim to a federal agency as required by 28 U.S.C. § 2675.[1]

An action under the FTCA is a civil action against the United States, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b).  The FTCA, 28 U.S.C. §§ 1346(b), 2671–2680, waives the sovereign immunity of the United States for certain torts committed by federal employees.  *FDIC v. Meyer*, 510 U.S. 471 (1994).

"As the terms of the [Federal Tort Claims] Act expressly provide, the substantive law of the place where the allegedly negligent act or omission occurred governs suits brought against the United States under the FTCA." *Miller v. United States*, 945 F.2d 1464, 1466 (9th Cir. 1991); *see also*, 28 U.S.C. 2674.  The FTCA provides a waiver of sovereign immunity for tortious acts of a federal agency's employees only if the same torts committed by that person in the employ of a private party would have given rise to liability under state law.  28 U.S.C. § 1346(b).

Under the Federal Tort Claims Act, Congress authorized suits against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable . . . ."  28 U.S.C. § 1346(b).  However, "[w]hile the FTCA on its face is a 'broad waiver' of sovereign immunity that provides for

---

[1]"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).  The incident as alleged by Ramage occurred on January 4, 2012.

governmental liability commensurate with that of private parties, its waiver of immunity is far from absolute." *Calderon v. United States*, 123 F.3d 947, 948 (7th Cir. 1997).  For example, the FTCA does not waive immunity when a claim is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  "This discretionary function exception to the FTCA 'marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals.'" *Dykstra v. United States Bureau of Prisons*, 140 F.3d 791, 795 (8th Cir. 1998)(*quoting United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines*), 467 U.S. 797, 808 (1984)).

Congress believed that imposing liability on the government for its employees' discretionary acts "would seriously handicap efficient governmental operations." *Varig Airlines*, 467 U.S. at 814.  Therefore, the purpose of the discretionary function exception is to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. Gaubert*, 499 U.S. 315, 323 (1991).  "To the extent an alleged act falls within the discretionary function exception, a court lacks subject matter jurisdiction." *Dykstra*, 140 F.3d at 795; *see also Cohen v. United States*, 151 F.3d 1338, 1340 (11th Cir. 1998).

The Supreme Court has devised a two-part test for determining whether the discretionary function exception applies to bar a claim. *See United States v. Gaubert*, 499 U.S. 315, 322–25 (1991); *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988).  First, the court must determine whether the challenged action was discretionary, i.e., whether it was governed by a mandatory statute, policy or regulation.  The action cannot be shielded under the discretionary function exception if it is mandatory. *Gaubert*, 499 U.S. at 324 ("If the employee violates the mandatory regulation, there will be no shelter from liability because there is no room for choice").  Second, the court must determine whether the challenged action is of the type Congress meant to protect, i.e., whether it involves a

1   decision susceptible to social, economic, or political policy analysis. *O'Toole v. United*
2   *States*, 295 F.3d 1029, 1033–34 (9th Cir.2002) (summarizing the *Gaubert/Berkovitz* test).
3   So long as it is, "by its nature, susceptible to policy analysis," the challenged action "need
4   not actually be grounded in policy considerations" to trigger the exception. *Miller v. United*
5   *States*, 163 F.3d 591, 593 (9th Cir.1998).  In other words, "if a federal employee's choice
6   is not prohibited by a federal statute, regulation, or policy, and is grounded in considerations
7   of public policy, that policy choice is excepted from the FTCA's limited waiver of sovereign
8   immunity because it constitutes a discretionary function."  *Lewis v. United States*, No.
9   1:12–cv–00924–LSC–JHE, 2013 WL 3864330 (N.D.Ala. July 24, 2013).

10      Here, Ramage alleges officers, after having handcuffed Ramage and while Ramage
11  was wearing either shower shoes or flip-flops, failed to hold Ramage's arm while he was
12  navigating stairs.   Ramage fell down the stairs, could not brace himself as he was
13  handcuffed, and was knocked unconscious.  Further, Ramage alleges the officers' conduct
14  violated the standard practice.  As Ramage alleges the employees violated "the mandatory
15  regulation, there [is] no shelter from liability because there [was] no room for choice." .
16  *Gaubert*, 499 U.S. at 324; *see also Lewis*, 2013 WL 3864330 at * 4 (claim based on officer
17  failing to have a secure hold on prisoner, who then fell down stairs, was allowed to proceed
18  where it could not be determined during screening of complaint whether conduct was
19  discretionary); *Williams v. United States*, 405 F.2d 951, 954 (1969).

20      "To establish a claim for negligence [under Arizona law], a plaintiff must prove four
21  elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a
22  breach by the defendant of that standard; (3) a causal connection between the defendant's
23  conduct and the resulting injury; and (4) actual damages ." *Gipson v. Kasey*, 214 Ariz. 141,
24  143, 150 P.3d 228, 230 (Ariz.2007).  At this time, the Court does not find any basis to not
25  conclude Ramage has stated an FTCA claim against the United States upon which relief may
26  be granted.

27

28

1  *Count II – Deliberate Indifference*

2      To state a valid claim under *Bivens*, plaintiffs must allege that they suffered a specific

3  injury as a result of specific conduct of a defendant and show an affirmative link between

4  the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377

5  (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's

6  position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights

7  does not impose liability.  *Monell v. New York City Department of Social Services*, 436 U.S.

8  658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*,

9  880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens*

10  and § 1983 suits, a plaintiff must plead that each government-official defendant, through the

11  official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  As

12  Ramage has not alleged specific conduct as to his *Bivens* claim against the BOP, the

13  Warden, or 1-10 Unknown Defendants, the Court will dismiss this claim as to these

14  Defendants.

15      An Eighth Amendment claim requires a sufficiently culpable state of mind by the

16  Defendants, known as "deliberate indifference."  *Farmer v. Brennan*, 511 U.S. 825, 834

17  (1994).  Deliberate indifference is a higher standard than negligence or lack of ordinary due

18  care for the prisoner's safety.  *Id*. at 835.  To state a claim of deliberate indifference,

19  plaintiffs must meet a two-part test.  "First, the alleged constitutional deprivation must be,

20  objectively, sufficiently serious"; and the "official's act or omission must result in the denial

21  of the minimal civilized measure of life's necessities."  *Id*. at 834 (internal quotations

22  omitted).  Second, the prison official must have a "sufficiently culpable state of mind," i.e.,

23  he must act with "deliberate indifference to inmate health or safety."  *Id*. (internal quotations

24  omitted).   In defining "deliberate indifference" in this context, the Supreme Court has

25  imposed a subjective test:  "the official must both be aware of facts from which the

26  inference could be drawn that a substantial risk of serious harm exists, and he must also

27  draw the inference."  *Id*. at 837 (emphasis added).

28      Generally, courts have conclude that plaintiffs have failed to state claims when they

have fallen in prison. *Daniels v. Williams*, 474 U.S. 327, 331–33 (1986) (rejecting due process claim by pretrial detainee who slipped and fell when a pillow was negligently left on the stairs by a deputy); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993) (internal quotation marks and citation omitted) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment"); *Wallace v. Haythorne*, 2007 WL 3010755, *4 (E.D.Cal., Oct.15, 2007) (no triable issue as to deliberate indifference when an inmate fell after tripping on a hole in a kitchen floor; holes caused by missing tiles did not constitute an excessive risk), adopted by 2007 WL 4358230, * 3–* 4 (E.D.Cal., Dec.11, 2007), aff'd, 328 Fed. Appx. 467, 2009 WL 2015051 (9th Cir., June 16, 2009); *Townsel v. Quinn*, 2008 WL 650284, *3–5 (W.D.Wash., Jan.24, 2008) (inmate who slipped while exiting shower and injured his hand on sharp metal plates on the floor attributed his injuries to unsafe conditions in the shower; claims dismissed for lack of facts showing that defendants knew and disregarded risks); adopted by 2009 WL 674386 (W.D.Wash., March 13, 2009).

However, in this case, Ramage does not simply allege that he fell. Ramage alleges Defendants Gomez, Jackshaw, and Mendoza escorted him and his cell mates to the showers. Ramage alleges Gomez instructed Ramage and his cell mates to "cuff up." Doc. 1, p. 2. Ramage also alleges that, contrary to standard practice, Gomez, Jackshaw, and Mendoza did not assist him or his cell mates down the stairs, at which time Ramage fell and was injured. The Court finds Ramage has stated a deliberate indifference claim against Defendants Gomez, Jackshaw, and Mendoza.

However, in Arizona, the applicable statute of limitations for a *Bivens* cause of action is two years. *Pesnell v. Arsenault*, 543 F.3d 1038, 1041 (9th Cir. 2008). The conduct alleged by Ramage occurred on January 4, 2012. Ramage has not set forth any basis to toll the statute of limitations. Ramage's *Bivens* claims against Defendants Gomez, Jackshaw, and Mendoza are time-barred and the statute of limitations defense is complete and obvious on the face of the Complaint. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984) (*sua sponte* dismissal under 28 U.S.C. § 1915); *see also Pisciotta v. Teledyne*

1   *Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996) (court may grant a motion to dismiss

2   based on the running of the statute of limitations "only if the assertions in the complaint,

3   read with the required liberality, would not permit the plaintiff to prove that the statute was

4   tolled").   Because relief cannot be granted upon a cause of action that is not timely,

5   dismissal of the *Bivens* claims with leave to amend is appropriate.

6       Ramage is advised that any *Bivens* claim in an Amended Complaint, as discussed

7   *infra*, will be dismissed if he fails to state a basis for the tolling of the statute of limitations.

8

9   *Service vs. Amended Complaint*

10       The Court has found Ramage has adequately alleged an FTCA claim against the

11   United States.  Additionally, the Court has found Ramage has failed to adequately allege

12   *Bivens* claims against Defendants Gomez, Jackshaw, and Mendoza because the action was

13   not filed within the statute of limitations.  However, the Court recognizes that Ramage may

14   be able to allege a basis for the tolling of the statute of limitations in an Amended

15   Complaint.

16       Ramage, therefore, may arrange for service of the Complaint upon Defendant United

17   States as to Count I in compliance with Fed.R.Civ.P. 4.  Alternatively, Ramage may choose

18   to submit an Amended Complaint.  Such Amended Complaint would be subject to screening

19   by the Court.

20       Ramage is advised that all causes of action alleged in the original Complaint which

21   are not alleged in any amended complaint will be waived.  *Hal Roach Studios v. Richard*

22   *Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the

23   original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).  Any amended complaint filed by

24   Ramage must be retyped or rewritten in its entirety and may not incorporate any part of the

25   original complaint by reference.  Any amended complaint submitted by Ramage shall be

26   clearly designated as an amended complaint on the face of the document.

27       Ramage should take notice that if he fails to timely comply with every provision of

28   this Order, this action will be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.  *See Ferdik*

1  *v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) (District Court may dismiss action for failure to
2  comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

3

4       Accordingly, IT IS ORDERED:

5       1.  The Application to Proceed in District Court Without Prepaying Fees or Costs
6  (Doc. 2) is GRANTED.

7       2.  Ramage's FTCA claim, as set forth in claim 1 of the Complaint, is
8  DISMISSED WITH PREJUDICE against Defendants BOP, Gomez, Jackshaw, Mendoza,
9  the Warden and 1-10 Unknown Defendants.

10       3.  Ramage's deliberate indifference claim, as set forth in Claim 2 of the
11  Complaint, is DISMISSED WITH PREJUDICE against Defendants United States, BOP, and
12  the Warden.   Ramage's deliberate indifference claim is DISMISSED WITHOUT
13  PREJUDICE against 1-10 Unknown Defendants

14       4.  Ramage SHALL HAVE thirty (30) days from the date of filing of this Order
15  to file an amended complaint.  All causes of action alleged in the original Complaint which
16  are not alleged in any amended complaint will be waived.  Any amended complaint filed by
17  Ramage must be retyped or rewritten in its entirety and may not incorporate any part of the
18  original complaint by reference.  Any amended complaint submitted by Ramage shall be
19  clearly designated as an amended complaint on the face of the document.

20       5.  As an alternative to the deadline for the filing of an amended complaint (if
21  Ramage decides not to file an amended complaint), Ramage shall arrange for service of the
22  original Complaint and a copy of this Order upon Defendant United States within sixty (60)
23  days from the date of filing of this Order.  *See* Fed.R.Civ.P. 4 and 4(i).  Failure to timely
24  complete service may result in dismissal of this action.

25       5.  A clear, legible copy of every pleading or other document filed SHALL
26  ACCOMPANY each original pleading or other document filed with the Clerk for use by the
27  District Judge to whom the case is assigned.  *See* L.R.Civ. 5.4; *see also* ECF Administrative
28  Policies and Procedures Manual § II.D.3.  **Failure to submit a copy along with the**

1  **original pleading or document will result in the pleading or document being stricken**

2  **without further notice to Ramage**

3     6.     At all times during the pendency of this action, Ramage shall immediately

4  advise the Court of any change of address and its effective date.  Such notice shall be

5  captioned "NOTICE OF CHANGE OF ADDRESS".  The notice shall contain only

6  information pertaining to the change of address and its effective date.  The notice shall not

7  include any motions for any other relief.  Plaintiffs shall serve a copy of the Notice of

8  Change of Address on all served opposing parties.  Failure to file a NOTICE OF CHANGE

9  OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to

10  Fed.R.Civ.P. 41(b).

11     DATED this 19th day of September, 2014.

12

13

14  Cindy K. Jorgenson
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28